IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| LARRY ALLEN SLEDGE, | ) | 1:22-CV-11-RAL |
| | ) | |
| Plaintiff | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| v. | ) | |
| | ) | MEMORANDUM OPINION ON |
| THREE UNKNOWN OFFICERS OF THE | ) | DEFENDANTS' MOTION FOR |
| CITY OF ERIE POLICE DEPT., et al., | ) | SUMMARY JUDGMENT |
| | ) | |
| Defendants | ) | [ECF No. 60] |

I.      Background

Plaintiff Larry Allen Sledge, an inmate in the custody of the Pennsylvania Department of

Corrections, commenced this pro se civil rights action against five named and three unnamed

officers of City of Erie Police Department, the Mayor of the City of Erie, an Erie County

Assistant District Attorney, and the City of Erie (erroneously designated as the "City of Erie

Police Department").  By prior orders, the Court dismissed the claims against all defendants

except Officer Brian Barber, Lieutenant Steve Deluca, and the City of Erie.  *See* ECF Nos. 33,

38.  In his Third Amended Complaint, Sledge alleged that, on January 15, 2020, Officers Barber

and Lieutenant DeLuca assaulted him in a police department holding cell and that this assault

caused an orbital fracture and other injuries to his face.  *See* ECF No. 34. 2. Sledge further

alleged that the City of Erie is liable for Barber and Deluca's alleged use of excessive force

because they acted pursuant to a policy or custom of the City.  The three remaining Defendants

have moved for summary judgment on two grounds.  They argue that (1) the record cannot

support a reasonable jury's finding that that Barber or Deluca used excessive force against

Sledge, and, alternatively, (2) the record cannot support a reasonable jury's finding the City of

Erie maintained a policy or custom of tolerating police excessive force that resulted in Sledge's alleged constitutional injury.

II.     Standard of Review

Federal Rule of Civil Procedure 56(a) requires the district court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome under applicable substantive law.  *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992).  An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn therefrom in favor of the nonmoving party.  *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988).  To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings.  Instead, once the movant satisfies its burden of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond his pleadings with affidavits, depositions, answers to

interrogatories or other record evidence to demonstrate specific material facts that give rise to a

genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  On a motion for summary

judgment, "a pro se plaintiff is not relieved of his obligation under [Federal Rule of Civil

Procedure] 56 to point to competent evidence in the record that is capable of refuting a

defendant's motion ..." *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017) (citation

omitted).  Put another way, *pro se* status does not relieve a non-moving party of his "obligation

under Rule 56(c) to produce evidence that raises a genuine issue of material fact." *Id*. (quoting

*Boykins v. Lucent Techs., Inc.*, 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000)); *see also Winfield v.*

*Mazurkiewicz*, 2012 WL 4343176, at *1 (W.D. Pa. Sept. 21, 2012).

   III.    The Record

    Before recounting the material facts of this case, the Court must first identify what

properly comprises the record.  The moving Defendants have filed a concise statement of

material facts that complies with Rule 56.B.1 of this Court's local rules. *See* ECF No. 62;

LCvR 56.B.1.  Each assertion of fact in their concise statement is supported by citation to

evidence included in the appendix of exhibits they filed in accordance with Local Rule 56.B.3.

ECF No. 62-1.  Sledge has filed a responsive concise statement of material facts in which he

admits certain of Defendants' statements of facts, denies certain statements, and characterizes

others as immaterial.  ECF No. 66.  His denials, however, are unsupported by any citations to the

record or record evidence.  In this respect, his responsive concise statement does not comply

with Local Rule 56.C.1.  Local Rule 56.C.1 requires a party opposing a motion for summary

judgment to file a concise statement of material facts that (1) responds to each numbered

paragraph of the movant's concise statement, admitting or denying the facts asserted in each

such paragraph; (2) states the record basis for each denial of fact asserted in the movant's concise

statement; and (3) states, in separately numbered paragraphs, any additional material facts (with record support) upon which the nonmovant relies in opposing the motion. *See* LCvR 56.C.1; *Smith v. Homestead Police Dep't*, 2024 WL 1256300, at *1 n. 1 (W.D. Pa. Mar. 25, 2024). This Court requires strict compliance with the provisions of Local Rule 56. *See, e.g.*, *Coleman v. Tice*, 2018 WL 5724125, at *2 n.3 (W.D. Pa. Oct. 10, 2018), *report and recommendation adopted* 2018 WL 5722316 (W.D. Pa. Nov. 1, 2018); *First Guard Ins. Co. v. Bloom Services, Inc.*, 2018 WL 949224, at *2-3 (W.D. Pa. Feb. 16, 2018); *Hughes v. Allegheny County Airport Authority*, 2017 WL 2880875, at *1 (W.D. Pa. July 6, 2017). This strict compliance applies equally to parties acting pro se and those represented by counsel. *See, e.g., Peay v. Sager*, 2022 WL 565391, at *1–2 (W.D. Pa. Feb. 1, 2022), *report and recommendation adopted*, 2022 WL 562936 (W.D. Pa. Feb. 24, 2022).

Sledge notes that certain of the moving Defendants' statements of fact rely on the affidavits of Defendants Barber and Deluca. He argues that the Court may not properly rely on the facts presented in these affidavits because doing so would require the Court to make credibility determinations. *See* ECF No. 66 at p. 4. But the Court may properly consider affidavits on summary judgment so long as the facts asserted therein are based on the affiant's personal knowledge. *See* Fed. R. Civ. P. 56(e); *Tumpa v. IOC-PA-US-RSM Entrprises*, 2018 WL 3862091, at *2 (W.D. Pa. Aug. 14, 2018). Barber and Deluca's affidavits fully comply with this requirement. Furthermore, while the moving Defendants have "the burden of showing that there is no genuine issue of fact," Sledge "is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set

forth specific facts showing that there is a genuine issue for trial." *Id*. And "discredited testimony is not [normally] considered a sufficient basis for drawing a contrary conclusion." *Id*. at 256-57 (quoting *Bose Corp. v. Consumers Union of United States, Inc.,* 466 U.S. 485, 512, (1984)).  Thus, Sledge's unsupported challenges to Barber and Deluca's credibility do not create a genuine issue of material fact.  "Instead, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." *Id*. at 257.

A non-moving party "faces severe consequences for not properly responding to a moving party's concise statement." *Hughes*, 2017 WL 2880875, at *1.  All material facts "set forth in the moving party's Concise Statement of Material Facts ... which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party." LCvR 56(E).  While courts provide some leniency when construing pleadings filed by pro se litigants, they may not ignore procedural rules that apply to parties assisted by counsel. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (explaining that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").  Accordingly, the Court deems admitted all properly supported statements of material fact in Defendants' concise statement to which Sledge has failed to respond with record evidence.  *See* LCvR 56.E.

IV.    Material Facts

As noted, Sledge alleged that Officer Barber and Lieutenant DeLuca assaulted him in an

Erie Police Department holding cell during the early hours of January 15, 2020, and that this

assault resulted in an orbital fracture and other injuries to his face. *See* ECF No. 34 at ¶ 2. The

record in this case tells a very different story.  On January 13, 2020, two days prior to the

officers' alleged use of excessive force, and continuing into the following day, Sledge was

involved in an altercation with an individual named Jagonnan Williams. *See* ECF No. 62

(Concise Statement), ¶ 2; ECF 62-1; ECF No. 62-2; ECF No. 66 (Responsive Concise

Statement), ¶ 2. After this altercation, Sledge immediately sought treatment at UPMC Hamot

Medical Center, where he was diagnosed with a fractured left orbital bone, contusions to his

face, and associated swelling. ECF No. 62, ¶ 3; ECF 62-3; ECF No. 66, ¶ 3. Sledge reported the

assault to the Erie Police Department shortly thereafter. ECF No. 62, ¶ 4; ECF 62-1; ECF No.

62-2; ECF No. 66, ¶ 4. The Erie Police Department charged Jagannon Williams with aggravated

assault, among other offenses, on January 14, 2020. ECF No. 62, ¶ 5; ECF No. 62-2; ECF No.

66, ¶ 5.

Later during the evening of January 14, 2020, City of Erie police responded to a report of

a woman having been kidnapped and, during her escape, shot twice in the head or face.  The

victim, later identified as J.C., identified Sledge as her assailant before being transported to the

hospital.  ECF No. 62, ¶ ¶ 6-7; ECF 62-4; ECF No. 66, ¶¶ 6-7. Lieutenant DeLuca responded to

the call to assist in the search for the suspect, ultimately determined to be Sledge. ECF No. 62, ¶

8; ECF No. 62-5; ECF No. 66, ¶ 8. Lieutenant DeLuca did not participate in the arrest itself, had

no direct contact with Sledge, and returned to his SWAT team assignment once Sledge was in

custody. ECF No. 62, ¶ 9; ECF 62-5; ECF No. 66, ¶ 9. Officer Barber collected evidence (the

6

victim's bloodied clothes) from a forensic nurse at UPMC Hamot, which he logged and placed in

the evidence room at the police department. Once he finished logging the evidence, Barber went

home. ECF No. 62, ¶ 10; ECF No. 62-6; ECF No. 66, ¶ 10.

On January 15, 2020, Erie Police Detective Cameron interviewed Sledge regarding the

kidnapping and assault upon J.C.  Sledge did not at any point in the recorded interview state that

any Erie Police Department officer or officers assaulted, mistreated, or injured him while he was

in their custody.  ECF No. 62, ¶ 11; ECF 62-7; ECF No. 66, ¶ 11. Sledge remained in the holding

cell at the Erie Police Department until he was transferred to the Erie County Prison the

following day. ECF No. 62, ¶ 12; ECF 62-8; ECF No. 66, ¶ 12. During the prison intake process,

prison staff noted that Sledge had an orbital fracture and visible contusions to his face. Slade

reported to personnel that "he was in a altercations on 2 days ago with multiple individuals

which caused him to go to UPMC Hamot[.]" ECF No. 62, ¶ 13; ECF 62-8, p.10; ECF No. 66, ¶

13. Two days prior was January 13, the date of the assault by Jagonnan Williams. ECF No. 62, ¶

14; ECF No. 66, ¶ 14. Slade did not report or otherwise indicate to the Erie County Prison

medical intake staff that he had been in an altercation with or injured by any Erie City police

officer or officers. ECF No. 62, ¶ 15; ECF 62-8; ECF No. 66, ¶ 15.

On January 22, 2020, Slade recanted his prior assault report against Jagannon Williams.

ECF No. 62, ¶ 16; ECF 62-9; ECF No. 66, ¶ 14.  Slade then sent a letter to J.C. on February 17,

2020,  urging her to recant her statements to police that he had kidnapped and shot her. ECF No.

62, ¶ 17; ECF 62-10; ECF No. 66, ¶ 15. On August 12, 2022, a jury found Slade guilty of

attempted homicide, aggravated assault, firearms and weapons violations, reckless

endangerment, kidnapping, unlawful restraint and terroristic threats for his kidnapping and attack

upon J.C. The jury also found Slade guilty of witness intimidation based on his attempt to

dissuade J.C. from proceeding with criminal charges against him. ECF No. 62, ¶ 19; ECF 62-11;

ECF No. 66, ¶ 17.

    V.    Discussion

        Where a party would have the burden of proof on a claim or defense at trial, the opposing

party may move for summary judgment based on the absence of evidence in the record to

support an essential element of the claim or defense. *Celotex Corp.*, 477 U.S. at 322. To prevail

at trial on his Fourth Amendment excessive force claim against Barber and Deluca, Slade would

have the burden of proving that they used force that was not objectively reasonable under the

facts and circumstances confronting the officers. *See Graham v. Connor*, 490 U.S. 386, 395–97

(1989).  Therefore, while the Defendants carry the ultimate burden of showing that no genuine

issue of material fact remains for trial and that they are entitled to judgment as a matter of law,

Federal Rule of Civil Procedure 56(e) authorizes them to meet this burden based solely upon

Slade's inability to produce evidence to support that either Barber or Deluca subjected him to an

unreasonable application of force. Here, the Defendants went a step further. They produced

substantial evidence to support findings that neither officer exercised any force against Slade,

that Slade sustained his injuries in an altercation that preceded his arrest by the Erie Police, and

that Slade contrived his claims against Barber and Deluca.

        In response to this evidence, Slade offered only unsupported allegations and unpersuasive

arguments that inconsistencies in Barber and Deluca's evidence undermined their credibility.[1]

Neither creates a genuine issue of material fact. "For an issue to be genuine, the nonmovant

---

[1] The allegations of Slade's Third Amended Complaint were made based on "information and belief" and not subject to the penalty of perjury.  *See* ECF No. 42, p.4.  That pleading, therefore, did not constitute an unsworn declaration that the Court could consider under 28 U.S.C.A. § 1746. *See Tukesbrey v. Midwest Transit, Inc.*, 822 F.Supp. 1192, 1198 (W.D.Pa.1993) (non-conforming, unsworn materials to be stricken); *see also Nissho–Iwai American Corp. v. Kline*, 845 F.2d 1300, 1305–06 (5th Cir.1988) (non-conforming, unsworn affidavits treated as "incompetent to raise a fact issue precluding summary judgment").

needs to supply more than a scintilla of evidence in support of its position—there must be sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." *Coolspring Stone Supply v. Am. States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993); *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue"). Because Slade has failed to produce evidence to support the essential elements of his excessive force claim against Barber and Deluca, these Defendants are entitled to judgment as a matter of law.

Furthermore, because Slade has failed to demonstrate that any state actor violated his constitutional rights, his claim against the City of Erie also fails as a matter of law. A municipality cannot be held liable under 42 U.S.C. § 1983 unless it caused the constitutional violation at issue. *Monell v. Dept. of Social Service*, 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). A successful *Monell* claim must therefore establish: (1) an underlying constitutional violation; (2) a policy or custom attributable to the municipality; and (3) that the constitutional violation was caused by the municipality's policy or custom. *Monell*, 436 U.S. at 694-95. Here, Slade's failure to support the first element precludes his claim against the City of Erie.

VI.    Conclusion

For the reasons discussed, the Court will grant the motion for summary judgment filed on behalf of Defendants Barber, Deluca, and the City of Erie. Based on the record before the Court, each is entitled to judgment as a matter of law.

A separate judgment order pursuant to Rule 58 will follow.

DATED this 8th day of January, 2025.


BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE